UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALLOFE SOLUTIONS, LLC,

               Plaintiff,

v.                                                      Case No. 16-2666-JAR

MOUNT ST. JOSEPH UNIVERSITY,

               Defendant.

## REPORT AND RECOMMENDATION

On March 14, 2016, the plaintiff, AllofE Solutions, LLC, filed suit in the Douglas County District Court against the defendant, Mount St. Joseph University, for breach of contract, seeking judgment in the amount of $33,000.00, pre- and post-judgment interest thereon, and plaintiff's costs and fees, including reasonable attorneys' fees. On September 23, 2016, plaintiff filed a motion for leave to amend its petition. The proposed amended petition attached to plaintiff's motion asserts three new claims, each of which seeks judgment in excess of $75,000.00.

On September 29, 2016, defendant removed the lawsuit to this court, alleging diversity jurisdiction as the sole basis for subject matter jurisdiction.[1] Defendant asserts in its notice of removal that said notice is "timely filed pursuant to 28 U.S.C. § 1446(b)(3) in that it is filed within thirty (30) days of receipt by defendant of a copy of a motion from which it may first be ascertained that the amount in controversy exceeds

---

[1] *See* 28 U.S.C. § 1332.

1

16-2666-JAR-R&R.docx

$75,000, and has therefore become removable."[2]  Defendant's notice of removal was filed prior to any state court ruling on plaintiff's motion for leave to amend and prior to the filing of any amended petition by the plaintiff in state court.

On October 24, 2016, the undersigned U.S. Magistrate Judge, James P. O'Hara, issued an order to show cause to the presiding U.S. District Judge, Julie A. Robinson, why this action should not be remanded to state court for lack of subject matter jurisdiction.  The undersigned observed that removal in this case appears to be premature in light of the fact that "'[t]here is law in this district which makes it clear that neither filing a motion to amend a complaint nor being granted leave to amend will make removable a state court action that otherwise lies outside the perimeters of federal jurisdiction.'"[3]

On October 31, 2016, defendant filed a response to the show cause order.  In its response, defendant asserts that the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (JVCA), and cases interpreting it, have "so changed and mapped the [removal jurisdiction] landscape that the … cases cited in the order to show cause are either no longer good law, readily distinguishable from the facts of this case, or both."[4]  The undersigned respectfully disagrees, and recommends that this action be remanded to

---

[2] ECF No. 1.

[3] ECF No. 15 (quoting *Subway Rests., Inc. v. Banks*, No. 94-2017, 1994 WL 68745, at *1 (D. Kan. Feb. 24, 1994) (citing cases)).

[4] ECF No. 18.

the Douglas County District Court for lack of subject matter jurisdiction.

The procedure for removal is set forth in 28 U.S.C. § 1446.  Section 1446(b)(3) provides:

> …[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.[5]

As earlier indicated, the undersigned's show cause order noted case law in this district establishing "'neither filing a motion to amend a complaint nor being granted leave to amend will make removable a state court action that otherwise lies outside the perimeters of federal jurisdiction.'"[6]  "'Rather, the date of service of the amended pleading itself should control to determine removability and to trigger the time within which removal is proper.'"[7]

In *Miller v. Stauffer Chemical Co.*, 527 F.Supp. 775 (D. Kan. 1981), the plaintiffs filed suit in state court on January 29, 1979.  Although the initial petition set out facts sufficient to establish diversity of citizenship, the plaintiffs alleged damages in the amount of $8,278.01.  On August 16, 1979, the plaintiffs filed a motion to amend the complaint, increasing damages to $12,565.74, in excess of the then $10,000.00 federal amount-in-controversy requirement.  On February 13, 1980, the state court granted the

---

[5] 28 U.S.C. § 1446(b)(3).

[6] ECF No. 15 (quoting *Subway Rests., Inc.*, 1994 WL 68745, at *1 (citing cases)).

[7] *Id.* (quoting *Subway Rests., Inc.*, 1994 WL 68745, at *1) (internal quotations omitted)).

3

plaintiffs' motion, ordering "the petition 'be and the same is hereby modified and amended to include allegations of crop damage, refund of costs, interest and attorney's fees because of the alleged failure of defendant's product Eradicane to control shatter cane in fields owned and/or operated by plaintiffs.'"[8] The defendant removed the case to federal court on August 21, 1980.

In their motion to remand, the plaintiffs argued the filing of their motion to amend triggered the 30-day period for removal, and therefore, removal was untimely. The defendant asserted the mere filing of the motion to amend did not trigger the 30-day period because the granting of the plaintiffs' request called for the exercise of the court's discretion. The defendant also maintained that the state court's February 13, 1980 order did not establish the plaintiffs were seeking damages in excess of $10,000.00. According to the defendant, the plaintiffs' interrogatory responses, served on August 5, 1980, for the first time clearly established that damages exceeded $10,000.00.

Judge O'Connor denied the motion to remand, finding that the "mere filing of a motion to amend plaintiffs' complaint does not in itself make removable a state court action that otherwise lies outside the perimeters of federal jurisdiction."[9] Instead, Judge O'Connor concluded that when amendment of the plaintiff's complaint is given as the basis for removal, "the date of service of the amended pleading itself should control to

---

[8] *Miller*, 527 F.Supp. at 777.

[9] *Id.*

determine removability and to trigger the time within which removal is proper."[10] Judge O'Connor reasoned:

> For the following reasons, we believe this is the only sensible rule to apply when the time within which plaintiff may amend his complaint as of right has expired. First, the mere filing of a motion to amend does not affect the existence or non-existence of federal jurisdiction and cannot make an action removable that was not removable under the original complaint. Second, we decline to designate the date on which the state court grants leave to amend as the event which triggers the thirty-day removal period because such a rule would encourage defendants to seek removal before the filing of an amended complaint to avoid forfeiting their right to remove even though such a complaint might never be filed. This would allow lawsuits with no apparent foundation for the exercise of federal jurisdiction to be prematurely or "improvidently" removed to federal courts. Finally, the filing of an amended complaint out of time and without leave of the court or consent of the adverse parties as required by K.S.A. 60-215(a) does not affect the existence of federal jurisdiction or the propriety of removal and does not trigger the thirty-day removal period of § 1446(b).[11]

Agreeing with the defendant that damages sufficient to satisfy the federal amount-in-controversy requirement were established for the first time in the plaintiffs' interrogatory responses, Judge O'Connor held removal was timely.

In *Christian v. College Boulevard National Bank*, 795 F.Supp. 370 (D. Kan. 1992), Judge Lungstrum held the United States' motion to remove an interpleader action was timely, even though it was filed more than 30 days after the United States received the original motion for interpleader. Judge Lungstrum observed that the United States was not a party to the state court suit until it was properly joined under the requirements

---

[10] *Id. (*citing *Barney's Boats, Inc., et al. v. Johnson Outboards, et al.*, No. 76-237-C2, slip op. at 3 (D. Kan. April 13, 1977) and 1A Moore's Federal Practice ¶ 0.168 [3.-5] at 485–86).

[11] *Id.* at 777–78.

of 28 U.S.C. § 2410, and that those requirements were not met until the amended motion for interpleader was filed. Accordingly, Judge Lungstrum found "there was no federal question presented under section 2410, and the action was therefore not removable, until … the amended motion for interpleader was filed."[12] Citing *Miller*, Judge Lungstrum explained that a contrary result "would 'encourage defendants to seek removal before the filing of an amended complaint to avoid forfeiting their right to remove even though such a complaint might never be filed. This would allow lawsuits with no apparent foundation for the exercise of federal jurisdiction to be prematurely or 'improvidently' removed to federal courts.'"[13]

Under circumstances similar to those here, judges in the District of Kansas have relied upon *Miller* and *Christian* to remand cases based upon a finding that removal was premature. In *Subway Rests., Inc.,* Judge Van Bebber found removal to be premature when based upon a state court order granting the plaintiffs leave to file an amended petition asserting a federal claim, but where the plaintiffs had not filed and served their amended petition.[14] In *Booth Theatre Foundation, Inc. v. McKiernan*, No. 94-1039, 1994 WL 114305 (D. Kan. Mar. 11, 1994), Judge Kelly found removal to be premature when based upon the plaintiff's motion to amend its petition to assert a second cause of action increasing damages to exceed the amount-in-controversy requirement, but where the state

---

[12] *Christian*, 795 F.Supp. at 372.

[13] *Id.* (quoting *Miller*, 527 F.Supp. at 777–78).

[14] 1994 WL 68745, at *2.

6

court had not ruled the motion and the amended petition had not been filed.

Defendant argues the foregoing cases are no longer good law because the Supreme Court has since made clear that "'...when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.'"[15]  Defendant also refers to the Tenth Circuit's recent explanation of the distinction between a defendant's *right* to remove and a defendant's *duty* to remove:

> …a defendant need not await such unambiguous notice before filing a notice of removal. Once it reasonably believes that the jurisdictional prerequisites have been satisfied, it can properly seek removal. The plaintiff may decide not to object. But if there is a dispute, the court can resolve the parties' factual and legal conflicts. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014) ("If the plaintiff contests the defendant's allegation, … both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."). That the defendant has the *right* to remove does not mean the defendant has the *duty* to remove, which is triggered only by receipt of clear and unequivocal notice from the plaintiff.[16]

Of course, whether defendant is exercising its right to remove or its duty to remove, the prerequisites of federal jurisdiction must be satisfied at the time of removal. Plaintiff's currently operative state court petition seeks judgment in the amount of

---

[15] ECF No. 18 (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014)).  Defendant also asks the court not to rely on the cases cited in the October 24, 2016 show cause order insofar as they are not "binding precedent."  To be clear, the court finds the case law to be persuasive.

[16] *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1271 n.5 (10th Cir. 2016) (emphasis in original).

7

$33,000. Even by defendant's allegations, the amount in controversy will exceed the jurisdictional threshold only by virtue of plaintiff's amended petition, which asserts three additional claims seeking damages in excess of $75,000.[17] The state court has discretion to deny plaintiff's motion for leave to file its amended petition, and indeed, defendant opposes plaintiff's motion on the basis that that "the claims plaintiff seeks to add to this lawsuit would be futile."[18] The undersigned concludes, consistent with the language of section 1446(b) and the reasoning of the above-discussed case law, this case is one which has not yet become removable.

In light of what may appear to be a hyper-technical objection by plaintiff, the undersigned advises the parties that should plaintiff ultimately be granted leave to amend in state court and defendant removes the action a second time, the undersigned expects the case to proceed quickly. Under such circumstances, counsel shall confer and submit a Rule 26(f) planning report to the undersigned's chambers within five business days of defendant's second removal.[19]

Dated December 16, 2016, at Kansas City, Kansas.

---

[17] ECF No. 1 ("The amount of controversy [sic] exceeds $75,000. Plaintiff's proposed amended petition contains a claim for relief in excess of seventy-five thousand dollars ($75,000).").

[18] ECF No. 10.

[19] Should defendant remove the action a second time, defendant is directed to indicate this matter as a related case on the civil cover sheet.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

9